1

2

3

4

5

6                     IN THE UNITED STATES DISTRICT COURT

7                   FOR THE EASTERN DISTRICT OF CALIFORNIA

8   FANNIE MAE, ALSO KNOWN AS
    FEDERAL NATIONAL MORTGAGE
9   ASSOCIATION,

10              Plaintiff,                    No. CIV S-10-3125 MCE GGH PS

11       vs.

12
    MICHELLE CABESAS, et al.,           FINDINGS &
13
                Defendants.             RECOMMENDATIONS
14   _____/

15              Defendants Michelle Cabesas and Leticia Edillo, proceeding pro se, filed on

16  November 19, 2010 a Notice of Removal of an unlawful detainer action filed against them in

17  state court.  Plaintiff Fannie Mae has now filed a motion to remand and request for attorneys'

18  fees and costs.  Defendants have not filed an opposition.[1]  After reviewing the motion, the court

19  recommends that the case be remanded to state court.[2]

20  BACKGROUND

21              Defendants Cabesas and Edillo were sued in state court in an unlawful detainer

22  action for their refusal to quit and deliver possession of residential real property purchased by

23

24          [1]  The matter was taken under submission without a hearing after it was determined that
    oral argument was unnecessary.
25
            [2]  The case has been referred to this court by Local Rule 302(21), pursuant to 28 U.S.C.
26  § 636(b)(1).

                                          1

1  plaintiff at a non-judicial foreclosure sale.

2         Defendants filed the instant petition for removal, alleging that the foreclosure sale

3  was "improper and illegal," and therefore violated the Truth in Lending Act, the Real Estate

4  Settlement Procedures Act, and state law, which they claim provides the court with federal

5  question jurisdiction.  Defendants also allege diversity jurisdiction.

6  DISCUSSION

7      I. Federal Question and Diversity Jurisdiction

8         A district court has an independent duty to examine its own jurisdiction and

9  remand a removed action "since removal is permissible only where original jurisdiction exists at

10 the time of removal or at the time of the entry of final judgment ...."  Sparta Surgical Corp. v.

11 National Ass'n. of Securities Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998), quoting

12 Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 43, 118 S. Ct. 956, 966

13 (1998); FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 229, 110 S. Ct. 596, 606-07 (1990); Harris

14 v. Provident Life and Acc. Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994).

15        Removal jurisdiction statutes are strictly construed against removal.  See Libhart

16 v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).  "Federal jurisdiction must be

17 rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980

18 F.2d 564, 566 (9th Cir. 1992).  "The burden of establishing federal jurisdiction falls on the party

19 invoking removal."  Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir.1994)

20 (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir.1986)).

21        A plaintiff may bring suit in federal court if his claim "arises under" federal law.

22 28 U.S.C. § 1331.  In that situation, the court has original jurisdiction.  A defendant cannot

23 invoke the federal court's original jurisdiction.  But he may in some instances invoke the court's

24 removal jurisdiction.  The requirements to invoke removal jurisdiction are often identical to

25 those for invoking its original jurisdiction.  The requirements for both relate to the same end, that

26 is, federal jurisdiction.

1    Removal of a state court action is proper only if it originally could have been filed

2    in federal court. 28 U.S.C. § 1441. "[F]ederal courts have jurisdiction to hear, originally or by

3    removal, only those cases in which a well-pleaded complaint establishes either that federal law

4    creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution

5    of a substantial question of federal law." Franchise Tax Board v. Construction Laborers

6    Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983). Mere reference to federal

7    law is insufficient to permit removal. See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90,

8    93 (3d Cir. 1992). A defense to an action, based on constitutional rules of general applicability,

9    is not a sufficient basis to remove an action to federal court. See id.; Berg v. Leason, 32 F.3d

10   422, 426 (9th Cir. 1994) ("[N]either an affirmative defense based on federal law . . . nor one

11   based on federal preemption   . . . renders an action brought in state court removable.").

12   Defendants Cabesas and Edillo have not shown that they are unable to raise their federal

13   constitutional rights in state court.

14   This court has no jurisdiction over unlawful detainer actions which are strictly

15   within the province of state court. Defendants' apparent attempt at creating federal subject

16   matter jurisdiction by simply adding claims or defenses to a petition for removal will not

17   succeed. See Catee v. Capital One, F.S.B. 479 F.3d 1143, 1145 (9th Cir. 2007) (even previously

18   asserted counterclaims raising federal issue will not permit removal).

19   Defendants' assertion of diversity jurisdiction also fails because according to

20   Fannie Mae, the amount of holdover damages requested is less than $26,000, and defendants

21   have not disputed this amount.

22   II. Original Jurisdiction Based on Fannie Mae's Federal Charter

23   Courts are split over whether Fannie Mae's charter confers federal jurisdiction. In

24   Pirelli v. Armstrong Tire Corporation Retiree Medical Benefits Trust v. Raines, 534 F.3d 779

25   (D.C. Cir. 2008), the court relied on American National Red Cross v. Solicitor General, 505 U.S.

26   247, 112 S.Ct. 2465 (1992), to so hold. Fannie Mae's charter provides for it "to sue and be sued,

3

1   and to complain and to defend, in any court of competent jurisdiction, State or Federal."  12

2   U.S.C. § 1723a(a).[3]  The Pirelli court found that this language was similar to the charter

3   providing that the Red Cross was authorized "to sue and be sued in courts of law and equity,

4   State or Federal, within the jurisdiction of the United States..."  (Id. at 251.) See 36 U.S.C. §

5   300105(a)(5).

6          Other courts, however, have distinguished the enabling language of these statutes.

7   For example, in Knuckles v. RBMG, Inc., 481 F.Supp.2d 559, 563 (S.D. W. Va. 2007), the court

8   compared statutory construction in the Red Cross charter to that found in the Fannie Mae charter:

9              Under the canons of statutory construction each word in a statute
               should be given effect and linguistic superfluity avoided. Scheidler
10             v. Nat'l Org. for Women, Inc., 547 U.S. 9, 126 S.Ct. 1264, 164
               L.Ed.2d 10 (2006). Accordingly, the phrase "any court of
11             competent jurisdiction, State or Federal," found in Fannie Mae's
               charter, but not in the charter of the Red Cross, must be given
12             effect. For the phrase "any court of competent jurisdiction" to have
               any meaning it should be read as differentiating between state and
13             federal courts that possess "competent" jurisdiction, i.e., an
               independent basis for jurisdiction, from those that do not. To
14             conclude, as Fannie Mae suggests, that its charter could be read to
               confer original federal jurisdiction in all suits in which it is a party,
15             notwithstanding the absence of an independent basis for federal
               jurisdiction, would effectively eliminate the phrase "of competent
16             jurisdiction" from the charter. Stated differently, were the court to
               adopt Fannie Mae's reading of its charter, all federal courts would
17             possess jurisdiction, regardless of competency.

18          The Knuckles court compared the same language which is found in the charter for

19   the Secretary of Housing and Urban Development, noting that courts have declined to construe it

20   as creating a grant of federal jurisdiction.  Id.  See 12 U.S.C. §1702; C.H. Sanders Co. v. BHAP

21   Hous. Dev. Fund Co., 903 F.2d 114, 118 (2nd Cir. 1990); Industrial Indem., Inc. v. Landrieu, 615

22   F.2d 644, 647 (5th Cir. 1980); Bor-Son Bldg. Corp. v. Heller, 572 F.2d 174, 181 (9th Cir. 1978);

23   Lindy v. Lynn, 501 F.2d 1367, 1369 (3rd Cir. 1974).

24

25          [3]  In contrast, the statute addressing Freddie Mac's charter states that "all civil actions to
        which the [Freddie Mac] Corporation is a party shall be deemed to arise under the laws of the
26      United States, and the district courts of the United States shall have original jurisdiction of all
        such actions, without regard to amount or value..."  12 U.S.C. § 1452(f).

1    In Rincon del Sol v. Lloyd's of London, 709 F.Supp.2d 517, 524 (S.D. Tex.

2  2010), the court reasoned that the language, "of competent jurisdiction," required an independent

3  basis of jurisdiction, because to construe otherwise would render the emphasized language "to be

4  sued in *any* court of competent jurisdiction, *State* or Federal," ineffectual as it would eliminate

5  the right to sue Fannie Mae in state court.  Rincon also noted the Pirelli court's acknowledgment

6  that the Fannie Mae statute contained the words, "of competent jurisdiction," while the Red

7  Cross charter did not.  Id. at 523.

8    Other courts interpreting the Fannie Mae charter have come to the same

9  conclusion.  See Federal National Mortgage Ass'n v. Sealed, 457 F.Supp.2d 41(D.D.C. 2006),

10  overruled by Pirelli, 534 F.3d at 785; Federal National Mortgage Ass'n v. De-Savineau, 2010

11  WL 3397027 (C. D. Cal. 2010); Federal National Mortgage Ass'n v. Bridgeman, 2010 WL

12  5330499 (E. D. Cal. 2010); State of Nevada v. Countrywide Home Loans Servicing, LP, 2011

13  WL 484298 (D. Nev. February 4, 2011) (finding that Fannie Mae's charter does not create

14  jurisdiction but federal jurisdiction existed independently on other grounds).

15    In analogous statutory construction, courts have noted that where the Federal

16  Home Loan Bank is a party, the "sue and be sued" provision in this bank's charter is nearly

17  identical to that provision in Fannie Mae's charter, and have rejected any grant of original

18  jurisdiction.[4]  See Federal Home Loan Bank of Chicago v. Bank of America Funding Corp., ___

19  F.Supp.2d ___, 2011 WL 151842, *2 (N.D. Ill. 2011); Federal Home Loan Bank of San

20  Francisco v. Deutsche Bank Securities, Inc., 2010 WL 5394742 (N.D. Cal. 2010); Federal Home

21  Loan Bank of Seattle v. Deutsche Bank Securities, Inc., 736 F.Supp.2d 1283, 1286 (W.D. Wash.

22  2010); Federal Home Loan Bank of Seattle v. Barclays Capital, Inc., 2010 WL 3662345, *2

23  (W.D. Wash. 2010).

24    There are a few cases finding original jurisdiction under Fannie Mae's charter;

25  ───────────────

26    [4] Title 12 U.S.C. § 1432(a) provides for the FHLB "to sue and be sued, to complain and
to defend, in any court of competent jurisdiction, State or Federal...."

however, the undersigned disagrees with the one case which provided any analysis.  In Griffin v. Federal National Mortgage Association, Inc., 2010 WL 5535618, *2 (E.D. Tex. 2010), the court construed Fannie Mae's charter as similar to the Red Cross statute and found the words, "of competent jurisdiction" in the statute not to be superfluous because these words "help to clarify that, among other things, litigants in state courts of limited jurisdiction must satisfy the appropriate jurisdictional requirements and that litigants, whether in federal or state court, must establish that court's personal jurisdiction over the parties."  Id.  The undersigned prefers to rely on the reasoning articulated in the cases cited above, many of which cite the concurrence in Pirelli, which argues that the majority misinterpreted Red Cross.  In her concurrence, Judge Brown argues that Red Cross "stands for the unremarkable rule that mentioning federal courts is necessary, but not always sufficient, to confer jurisdiction."  534 F.3d at 795.  "In Red Cross, the Court declared "a congressional charter's 'sue and be sued' provision *may* be read to confer federal court jurisdiction if, but only if, it specifically mentions the federal courts."  Id., quoting Red Cross, 505 U.S. at 255, 112 S.Ct. 2465 (emphasis added).

     The only other courts agreeing with the majority in Pirelli found original jurisdiction without deciding it.  See C.C. Port, Ltd. v. Davis-Penn Mortgage Co., 891 F.Supp. 371, 372 (S.D.Tex.1994) (assuming original subject matter jurisdiction without analysis); Connelly v. Federal Nat. Mortg. Ass'n, 251 F.Supp.2d 1071 (D. Conn. 2003) (same); In re Fannie Mae 2008 Securities Litigation, 2009 WL 4067266, *2 (S.D.N.Y. 2009) (same).

     Based on the aforementioned analysis, the court finds that remand is appropriate because there is no subject matter jurisdiction.  Pursuant to 28 U.S.C. § 1447(c), where it appears the court lacks subject matter jurisdiction, the court shall make an order for remand.  The petition for removal and the state court record filed in this case demonstrate that the underlying proceedings are not removable to this court.

     Based on defendants' delay tactics as outlined by Fannie Mae, which include three bankruptcy filings by defendant Cabesas, as well as the conclusory nature of the removal notice,

which indicates that defendants obtained a boilerplate form and inserted no facts specific to this case, the undersigned finds that attorneys' fees are warranted. The requested amount of $1,400 will be reduced in light of the fact that no reply was necessitated due to the lack of an opposition, and no hearing was held. Therefore, attorneys' fees in the amount of $875 will be awarded.[5]

CONCLUSION

        IT IS HEREBY RECOMMENDED that:

        1. The state action be summarily remanded to the Superior Court, County of Solano, Solano Justice Center Vallejo;

        2. Defendants be required to pay attorneys' fees in the amount of $875, within 28 days of an order adopting these findings and recommendations;

        3. The Clerk serve a certified copy of this order to the Clerk of the Superior Court, County of Solano, Solano Justice Center Vallejo, and reference the state case number (VCM 106610) in the proof of service; and

        4. The Clerk be directed to close this case.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 03/02/2011

                /s/ Gregory G. Hollows
                UNITED STATES MAGISTRATE JUDGE

---

[5]  Although Fannie Mae requests costs, it has not provided evidence of costs. Therefore, that request is denied without prejudice.